Johns^h, J.
This case calls for a construction of the 1st clause of section 5 of the Statute of Frauds, which provides : “ That no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another; . . . unless the agreement ... or some memorandum or note thereof shall be in writing.”
Moorehouse, the present plaintiff, was plaintiff below. He charges in his petition that the defendant was a large stockholder, and- president of a manufacturing corporation — the National Glass Manufacturing Company — and being desirous.of procuring an increase of its capital stock, “ for his own personal gain and profit, promised, agreed and guaranteed to and with the plaintiff, that if the plaintiff would subscribe and pay five hundred-dollars to the capital stock of said company, he, the *131 said plaintiff, should receive fifteen per centum on the amount so subscribed and paid by him, within one year thereafter.”
In consideration of this promise, the plaintiff subscribed and' paid into the capital stock of said company, said amount.
It is further alleged that no dividend was declared or earned by said company within one year, nor did the plaintiff receive' fifteen per cent, or any other amount for the use of the money so paid by him, wherefor he asks a judgment for $75.
To this defendant interposes:.
1st. A denial of the contract.
2d. .That the contract is one to answer for the debt, default,- or miscarriage of another, and so should be in writing.
3d. Upon a trial to a jury, evidence was offered tending to support the cause of action and the answers, and the court was asked by plaintiff to charge : that,
“If you find from- the testimony that the promise set up in the petition was made substantially, and that the National Glass Manufacturing Company did not earn or become liable to the plaintiff for any dividend within the first year, the contract need not be in writing, if you find that it was to be performed within a year.”
Which charge the court refused to give, but charged the jury as follows:
“ The jury must determine from the testimony and ail the circumstances, what was the contract ? Was it an original contract, that is, was the defendant bound, himself, to pay, or was he only to answer for the default or miscarriage of the company, or to pay in case the company did not ? If the testimony shall satisfy yon that the contract was an original contract on the part of the defendant to pay at all events, then your verdict should be for the plaintiff; but if from the testimony the jury shall be satisfied that the contract, agreement or guaranty was, in effect, to pay if the manufacturing company did not pay, then, in that view, the contract would be a collateral contract, and, not being in writing and signed by the defendant, or some one authorized by him, the plaintiff cannot recover, and your verdict should be for the defendant.”
*132 To which refusal of the court to charge as requested, as well as to the said charge as given, the plaintiff, by his counsel, excepted.
The petition, the charge requested, and the charge given, present the single question : is the contract alleged, one to answer for the debt, default or miscarriage of another? or, stating the question in another form : is it a collateral or an original undertaking ?
The terms of the statute make it clear, that a collateral promise, or one to answer for the liability of another, is one where there is a debt or obligation of another than the promisor, for whose default he undertakes to be liable.
An original liability of another is the foundation of the collateral liability of the promisor.
We accept the statement of the law by defendant’s counsel 'as substantially correct, that “ where it is expressly agreed, or is to be implied that some other person is, or is to become liable primarily, the contract is collateral.”
Numerous cases may be cited illustrating this rule.
Thus, in Hill v. Smith, 21 How. U. S. 283, it appeared that plaintiff had sold land to a railroad company, the price of which was paid in stock of the company, which the defendant gua/ranteed should be at par within three years. This was held to be an original, and not a collateral contract.
In noticing the word “ guaranty,” which was used in that contract, and which was relied on as importing a collateral contract, it is said, this term is usually applied to a collateral undertaking, yet, when taken in connection with the other terms of the instrument, the contract was clearly an original, independent one.
‘So, in Green v. Brookins, 23 Mich. 71, Or., who claimed to have an interest in a patent hay-fork, verbally promised B., in consideration that he should take two shares of the capital stock, of a company, to bo organized to deal in said patented article, and the rights under said patent; that such shares should not cost him anything; and further promised that as soon as the company should be organized he would find a man to take the *133 shares for the amount of the note, and that B. should not be at any cost or expense.
It was held that this promise was not within the statute, for the reason that it was not an undertaking to answer for tbe acts of another. There was no debt or obligation of another to answer for, therefore it was an original contract.
This question was fully discussed in the notes to Forth v. Stanton, 1 Wins. Saunders, 211, where it is said: “ The question is, what is the promise? Is it a promise for the debt, default or miscarriage of another, for which that other remains Halle ?”
■ If we apply this fundamental rule to the case before us, it becomes easy of solution.
The defendant, in consideration that plaintiff would subscribe and pay $500 to the capital stock of the company of which ho was president, and in which he was a large stockholder, agreed that the plaintiff should receive fifteen per cent, on the amount thus invested, within one year.
If this contract is not within the statute of frauds, the plaintiff is entitled to recover, as it is not doubted but' that the consideration stated is sufficient.
Was there any debt, obligation or legal duty, express or implied, owing by the corporation to the plaintiff as a stock-' holder, for which the defendant undertook to answer upon default of the corporation ?
The obligations legally imposed upon the corporation, and upon those charged with the duties of managing the corporate business, in favor of the plaintiff as a stockholder, were only such as were common to all stockholders. These corporate authorities were bound to good faith and to reasonable care, skill and diligence, with a view to profit, in the prosecution of the business of the corporation. If profits thereby accrue, it becomes the duty of these authorities to declare such dividends out of the same, from time to time, as the nature and condi-' tion of the business should warrant.
The defendant did not undertake to answer for any debt, default or miscarriage by the corporation, growing out of a failure to perform any of these duties. Indeed, so far as the *134 record discloses, all these obligations in favor of the plaintiff have been faithfully performed by the corporate authorities.
Most clearly, therefore, it appeal's that there was no corporate contract, express or implied, for which defendant made himself responsible. His contract was entirely distinct and independent of the obligation of the corporation to the plaintiff. The corporation had no power to obligate itself in advance to pay to plaintiff as a dividend, or otherwise, the sum which defendant agreed he should receive on his investment.
. There was then no corporate debt or obligation, express or implied, to pay to plaintiff any amount on his investment.
• Defendant’s contract was, in legal effect, essentially different from the obligations of the corporation in favor of plaintiff as a stockholder, and the liability created was wholly independent of. any default by the corporation. It was not an undertaking to answer for the default of the corporation.
. In refusing to charge as requested, we think the court erred.
The request refused was specific, and was based upon the allegations of the petition. The plaintiff was entitled to have it given to the jury.
. For refusing to give this request, the judgment must be reversed.
We do not think this refusal was cured by the charge given. It contained no explanation of the distinction between an original and a collateral promise applicable to the case on trial, nor any information as to the duties and liabilities of the corporation as the foundation of a collateral undertaking.
There was no evidence, so far as the record discloses, tend-, ing to show that the contract was collateral. The issue presented no such question. The second answer merely alleged that the promise, “ set forth in the petition,” was a sjjecial promise, not in writing. This was an issue of law. The first answer was a denial that he made the contract set forth.
The only issue of fact presented was whether the contract set forth was proved. If so, the plaintiff was entitled to recover.
*135 This issue did not call for an exposition of the law touching collateral promises.
It is claimed that the charge given as to plaintiff’s right to recover on an original contract was the equivalent of the request refused. If this be conceded, then the court is placed in the anomalous position of charging and refusing to charge, the same proposition. But a general proposition, abstractly correct though it be, cannot be regarded as curing the error of a refusal to charge a specific proposition, applicable to the ease. Krouse v. Railway Co., 30 Ohio St. 222.
Judgment reversed..